UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TERRANCE E. WILLIAMS,<br><br>                      Plaintiff,<br>     v.<br>STATE OF NEVADA, *et al.*,<br>                      Defendants. | Case No. 3:23-cv-00601-MMD-CSD<br><br>ORDER |

      Plaintiff Terrance E. Williams initiated this action with a motion to file a preliminary injunction. (ECF No. 1-1.) Williams did not pay the $402 filing fee, file an application to proceed *in forma pauperis*, or file a complaint. (ECF No. 1.) On December 11, 2023, the Court ordered Williams to file a complaint and either pay the $402 filing fee or file an application to proceed *in forma pauperis* by February 9, 2024. (ECF No. 4.) Williams did not comply with the Court's order, and on February 13, 2024, the Court gave Williams an extension until March 15, 2024, to file a complaint and either pay the $402 filing fee or file an application to proceed *in forma pauperis*. (ECF No. 9.) In each of the Court's orders, the Court warned Williams that the action could be dismissed if he failed to meet the Court's deadline. (ECF Nos. 4 at 2, 9 at 2.) The Court's March 15, 2024, deadline has expired, and Williams did not file a complaint, pay the $402 filing fee, file an application to proceed *in forma pauperis*, move for an extension, or otherwise respond. The Court's final order came back as undeliverable to Williams's address, and Williams has not filed an updated address. (ECF No. 10.)

      District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

(9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Williams's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a

case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Williams files a complaint, and either pays the filing fee or files an application to proceed *in forma pauperis*, the only alternative is to enter a third order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: Williams failed to comply with the Court's first order, the Court's second order came back as undeliverable, and Williams has not provided an updated address. As such, it is unlikely that Williams would even receive a third order setting another deadline. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

It is therefore ordered that this action is dismissed without prejudice based on Williams's failure to file a complaint and either pay the filing fee or file an application to proceed *in forma pauperis*, in compliance with this Court's December 11, 2023, and February 13, 2024, orders.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Williams wishes to pursue his claims, he must file a complaint in a new case.

It is further ordered that Williams's motions for various relief (ECF Nos. 1-1, 3, 6, 7) are denied as moot.

DATED THIS 25th Day of March 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE